# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| VISHAL BHATT, individually and on behalf of all others similarly situated;<br>  Plaintiff(s),<br><br>v.<br><br>I.Q. DATA INTERNATIONAL, INC. dba RENTCOLLLECT GLOBAL and BREIT MF ADDISON, LP,<br>  Defendant(s). | Civil Action No: 4:20-cv-475<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES Vishal Bhatt ("Plaintiff"), by and through his attorneys, THE SHAWN JAFFER LAW FIRM, PLLC, brings this Class Action against Defendant I.Q. DATA INTERNATIONAL, INC. ("IQD" or "Defendant IQD") and BREIT MF Addison, LP ("BREIT"), on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge for violations of 15 U.S.C. § 1692 et seq., of the Fair Debt Collection Practices Act ("FDCPA") and the Tex. Fin. Code Ann. § 292 *et seq.* of the Texas Debt Collection Act ("TDCA").

## JURISDICTION AND VENUE

1. Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") for actual and statutory damages, costs, and reasonable attorney's fees against the Defendants.

2. This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3.      This Court has supplemental jurisdiction for any state law claims under 28 U.S.C. §§ 1367.

4.      Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## NATURE OF THE ACTION

Plaintiff brings this class action on behalf of a class of Texas consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") and under Tex. Fin. Code Ann. § 292 *et seq.* commonly referred to as the Texas Debt Collection Act ("TDCA") against Defendants.

1.      Plaintiff is seeking statutory and actual damages, declaratory relief, costs and attorneys fees against Defendant IQD.

2.      Plaintiff is seeking treble damages for economic damages and treble damages for mental anguish from Defendant BREIT.

## PARTIES

5.      Plaintiff is a natural person residing who resides at 8568 Warren Pkwy, Apt. 223, Frisco, Collin County, TX 75034.

6.      Plaintiff were allegedly obligated to make a "Consumer Debt" payment in the course of renting an apartment.

7.      Plaintiff is a "Consumer" meaning Plaintiff is a natural person who is obligated or allegedly obligated to pay any debt.

8.      The Consumer Debt is an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

**I.Q. Data International, Inc**

9.    Defendant IQD is a debt collector that regularly collects or attempts to collect debts due to third-parties, directly or indirectly from consumers in the State of Texas and can be served with process at 1010 SE Everett Mall Way, Ste. 100, Everett, WA 98208.

10.    Defendant IQD is a person who engages in interstate commerce by using the telephone and mails in a business which the principal purpose is the collection of debts.

11.    Defendant IQD is a debt collector as defined under 15 USC §1692(b)(6).

**Defendant BREIT MF Addison, LP**

12.    Defendant BREIT is a debt collector that regularly collects or attempts to collect debts due to third-parties, directly or indirectly from consumers in the State of Texas and can be served with process on Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

13.    Defendant BREIT is a debt collector within the meaning of the TDCA § 392.001(6) and (7).

## CLASS ALLEGATIONS

14.    Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15.    The Class consists of:

    a.    all individuals that resided in a property either owned by BREIT, by any related entity of BREIT, or by any subsidiary owned by or affiliated with BREIT within the State of Texas;

    b.    to whom Defendant BREIT sent a letter attempting to collect an apartment debt;

    c.    that stated that

- "IQ Data is the company we use to collect any amounts owed after move out. They are not a collection agency and you have not been sent to collections."; or

- "Payments not received within thirty (30) days from the date you receive the letter from IQ Data will be considered past due.";

    d.    which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

16.    The identities of all class members are readily ascertainable from the records of Defendant BREIT and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17.    Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18.    There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. § *1692 et seq.* and the Tex. Fin. Code Ann. § 292 *et seq.*

19.    The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the

Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff(s) nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

20.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.    **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b.    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § *1692 et seq.* and the Tex. Fin. Code Ann. § 292 *et seq.*

c.    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d.    **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests

that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22.    Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## <u>FACTUAL ALLEGATIONS</u>

23.     Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

24.     On or about April 29, 2020, Defendant BREIT's agent BH Management Services, LLC ("BHMS") sent Plaintiff a "Move Out Letter" demanding payment in the amount of $840.00 which included a $1,000 charge for a minor scratch on hardwood floors. A true and correct copy of BHMS' move out state is attached hereto as Exhibit "A".

25.     The Move Out Letter from Defendant BREIT states that IQ Data/RentCollect is not a debt collector and also states that "Payments not received within thirty (30) days from the date you receive the letter from IQ data will be considered past due."

26.     On or about May, 2020, Plaintiff disputed the charges alleged in the Exhibit A with Defendant BREIT but BREIT sent Plaintiff over to collections with Defendant IQD anyways regardless of Plaintiff's dispute.

27.     Starting in May, 2020, Defendant IQD start calling Plaintiff on his cellular phone and threatening to report him to the credit reporting agencies for non-payment and demanded immediate payment in full.

28.     Defendant IQD did not mail Plaintiff a Notice of Debt statement pursuant §1692g(a) within 5 days after the initial phone call communication with Plaintiff.

29.     On or about June 2, 2020, Defendant IQD mailed Plaintiff a collection letter ("Letter"). A true and correct copy is attached hereto as Exhibit "B".

30.     IQD's Letter states that IQD is a debt collector and is attempting to collect a debt and provides Plaintiff the FDCPA g-notice. See Exhibit B.

31.     IQD's Letter also states that "Your past due account has been referred to our office for collection. Please remit payment in full or contact our office to make payment arrangements."

32.     IQD made a false representation of the amount of the Consumer Debt.

33.     IQD made a false representation that the account was past due.

34.     Either BREIT falsely claimed that IQD was not a debt collector or IQD falsely claimed to be a debt collector attempting to collect a debt from Plaintiff.

35.     IQD attempt to collect an amount of interest on the Consumer Debt from Plaintiff which was not permitted by agreement or law.

36.     Plaintiff has suffered mental anguish, frustration, and an informational injury from IQD's and BREIT's debt collection actions.

37.     For these reasons, the Defendant IQD and Defendant BREIT have violated the FDCPA.

38.     For these reasons, the Defendant IQD and Defendant BREIT have violated the TDCA.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 *et seq.* AS TO DEFENDANT IQD and BREIT

39.     Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

40.     IQD and BREIT's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

41.     Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

(a)     The false representation of the character, amount, or legal status of any debt; and

(b)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

15 U.S.C. §1692e(2) & (10).

42.    Section §1692f provides a non-exhaustive list of unfair or unconscionable means to collect or attempt to collect any debt, including: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is authorized by the agreement creating the debt or permitted by law.

43.    Section §1692g(a) provides that: Notice of debt; contents Within **five days** after the initial communication with a consumer in connection with a collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing…"

44.    For the aforementioned-reasons, Defendant IQD and Defendant BREIT have violated §1692e, f, and g.

45.    For these reasons, the IQD and BREIT are liable to the Plaintiff for actual and statutory damages, costs, and reasonable attorney's fees.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE TEXAS DEBT COLLECTIONS ACT. Tex. Fin. Code Ann. §**
**292 *et seq* AS TO DEFENDANT IQD and BREIT**

46.    Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

47.    IQD and BREIT's debt collection efforts against Plaintiff violated various provisions of the TDCA.

48.    Section 392.303(a) provides an explanation of conduct during a debt collection prohibited by an explanation of conduct such as:

（1）collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or

expense is expressly authorized by the agreement creating the obligation or

legally chargeable to the consumer; Tex. Fin. Code Ann. § 393.303(a)(2)

49.    Section 392.304 provides an explanation Fraudulent, Deceptive, or Misleading

Representations prohibited by an explanation of conduct such as:

(1) using a name other than the: True business or professional name or the true

personal or legal name of the debt collector while engaged in debt

collection; Tex. Fin. Code Ann. § 392.304(1)(a)

(2) using a written communication that demands a response to a place other

than the debt collector's or creditor's street address or post office box; Tex.

Fin. Code Ann. § 392.304(7)

(3) misrepresenting the character, extent, or amount of a consumer debt, or

misrepresenting the consumer debt's status in a judicial or governmental

proceeding; Tex. Fin. Code Ann. § 392.904(8)

(4) using any other false representation or deceptive means to collect a debt or

obtain information concerning a consumer. Tex. Fin. Code Ann. §

392.904(19)

50.    For the aforementioned-reasons, Defendant IQD and Defendant BREIT have

violated Tex. Fin. Code Ann. § 392.303, and 304.

## DEMAND FOR TRIAL BY JURY

51.    Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule

38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, demands judgment from Defendants as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Shawn Jaffer, Esq. as Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages against Defendants;

3.    Awarding Plaintiff and the Class actual damages against Defendants;

4.    Awarding Plaintiff costs of this action, including reasonable attorneys' fees, costs and expenses against Defendants;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

DATED: June 16, 2020

Respectfully Submitted,

**SHAWN JAFFER LAW FIRM PLLC**

/s/ *Shawn Jaffer*        .
**Shawn Jaffer**
Texas Bar No.: 24107817
Email: shawn@jaffer.law
**Ray N Hosack**
Texas Bar No 24046108
Email: ray@jaffer.law
13601 Preston Rd E770
Dallas, Texas 75240
T:    (214) 494-1668
F:    (469) 669-0786
*Attorneys for Plaintiff*